No. 14,010.

## SEARS v. FORBES.

PRINCIPAL AND AGENT.—*Purchase of Real Estate.*—*Failure of Agent to Examine Title.*—*Action for Damages.*—*Complaint.*—In- an action against an agent for damages sustained by reason of the failure of the agent to examine the title and records and so discover a mortgage on two lots purchased for the plaintiff by the agent, a paragraph of complaint is bad which avers that there was a recorded mortgage on the two lots and other real estate of the vendor, and that the lots were sold to satisfy the mortgage and the plaintiff evicted, but fails to aver that the vendor was not still the owner of the other real estate mortgaged, and that it was not worth more than the mortgage debt.

SAME.—*Complaint.*—*Sufficiency of.*—In such action, a paragraph of complaint is bad which alleges the plaintiff's ignorance of real estate transactions, that she gave to the defendant a sum named with which the purchase was made, that the lots were afterwards sold at foreclosure sale; but does not allege that the defendant had or claimed to have any experience in real estate transactions, or was engaged as a real estate agent, or that he had any knowledge of the mortgage at the time of the purchase, or had agreed to examine the record.

From the Hancock Circuit Court.

*J. A. New, E. T. Swope* and *E. W. Felt*, for appellant.

*I. P. Poulson, W. F. McBane, E. Marsh* and *W. W. Cook*, for appellee.

OLDS, J.—This is an action by the appellee against the appellant for damages sustained by reason of a failure on the part of the appellant, as agent of the appellee, to examine the title of real estate purchased by him for appellee.

The complaint is in three paragraphs, numbered three, four and five, and the errors assigned are the overruling of demurrers to each paragraph of complaint, and overruling appellant's motion for a new trial.

The third paragraph of complaint alleges that "the defendant, William Sears, heretofore, to wit, on the 23d day of October, 1882, undertook for a compensation to be paid

by the plaintiff, to purchase a house and lot for the plaintiff; that the defendant promised the plaintiff to use due diligence in making such purchase, and in procuring and having a good and sufficient title made to her for the same, and expressly agreed to have the same conveyed to her free of any encumbrance; that afterwards, on the 27th day of October, 1882, the defendant purchased of one William C. Burdett, who was then in failing circumstances, and who is now notoriously insolvent, the following described real estate situate in Hancock county, Indiana, to wit: Lots fifteen and sixteen (15 and 16), in Leed's addition to the town, now city, of Greenfield, for the plaintiff, and represented to the plaintiff that he had made due examination of the records of said county and found that Burdett had a good and sufficient title to said real estate free from any encumbrances; that plaintiff relying on the diligence of the defendant in procuring for her a good and perfect title to said real estate in accordance with his said agreement with defendant, at the defendant's instance and request placed in defendant's hands the sum of four hundred dollars, which amount defendant paid to said Burdett who, together with his wife, executed a deed with warranty on said 27th day of October, 1882, and delivered the same to defendant for said real estate hereinbefore described; that said Burdett and wife had, on the 11th day of October, 1882, executed their certain mortgage on said real estate, together with other real estate, in the sum of $800 to one James A. Reynolds, and that said mortgage was duly filed for record in the office of the recorder of said county and State, on said 11th day of October, 1882, and that said mortgage has been continuously a part of the public records of said office since said time; that said Reynolds has foreclosed his said mortgage on said real estate and said lot fifteen has been sold for $325, and said lot sixteen has been sold for $75, by the sheriff of said county at public sale, under and by virtue of a decree of foreclosure on said mortgage, on the 8th day of August, 1885, and by virtue

thereof said plaintiff has since been evicted from said real estate, and plaintiff avers that said defendant wholly failed and neglected to make due examination of said public mortgage records where said mortgage might have been discovered, but defendant carelessly and negligently purchased said real estate without making any examination of said records in accordance with his contract with plaintiff, whereby plaintiff is damaged in the sum of $800, for which sum she demands judgment.

This paragraph is clearly defective. It alleges a contract between the plaintiff and defendant, by which defendant was to use due diligence in purchasing real estate for plaintiff, and in procuring and having a good and sufficient title made to her for the same, and that the defendant expressly agreed to have the same conveyed to her free of any encumbrance. It then alleges that he purchased of Burdett certain real estate. It is not alleged what he was to pay for the same. It is averred that she gave to him $400 which he paid to Burdett, and procured Burdett and wife to make a deed to the defendant for the said real estate. It is then alleged that Burdett and wife had, before that time, mortgaged the real estate conveyed to the defendant, together with other real estate, to one Reynolds for $800; that Reynolds foreclosed his mortgage and sold the real estate conveyed to the defendant for $400. It is not averred and it does not appear but that Burdett still retained the title to the real estate mortgaged, other than said lots 15 and 16, and that they were worth much more than the mortgage debt. If so, and the plaintiff held the title to said lots 15 and 16, she could have procured an order in the decree of foreclosure that the other real estate be first sold and the proceeds applied to the payment of the mortgage, and it would have been her duty to have done so, and the defendant would be liable for such damages only as the plaintiff necessarily sustained. While it is alleged the real estate was conveyed to the defendant, there is no breach alleged

that the defendant failed to have the real estate conveyed to the plaintiff and took the title to himself, but the breach is, that the defendant failed to make proper and diligent examination of the title and records and discover the mortgage and inform the plaintiff of it. This paragraph of the complaint is clearly bad, and the demurrer should have been sustained.

The fourth paragraph is substantially the same as the third. It alleges that the defendant represented that he had experience in real estate transactions, and was well acquainted with the titles in and about Greenfield, and agreed to use special care and diligence in examining the title, and to procure for her a good and sufficient title for an unincumbered piece of real estate, but it differs from the first in that it alleges that the conveyance of the real estate was made to the plaintiff, but the paragraph is defective in other particulars the same as the third.

The fifth paragraph does not allege that the defendant had any experience in real estate transactions, or that he had or claimed to have any experience in such business, or that he was engaged as a real estate agent, or that he undertook to exercise any care or skill in making a purchase for the plaintiff, or to search the record or do anything for the plaintiff, or that she had any grounds or reason for relying on the defendant. It alleges the plaintiff's ignorance of such transactions, that she placed $400 in the defendant's hands and he purchased the lots, and that afterwards she ascertained that there was a mortgage on the same which was foreclosed and the lots sold, etc., but it does not allege that he had any knowledge of the mortgage at the time of the purchase, or that he had agreed to examine the record. The fifth paragraph is also bad.

The demurrers should have been sustained to each of the third, fourth and fifth paragraphs of the complaint, and for such error the judgment must be reversed.

Judgment reversed, with costs.

Filed Feb. 25, 1890.